UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAHAD QUAWEE FITZGERALD,

    Plaintiff,

v.

BENJAMIN OAKES and JANE DOE,

    Defendants.
_____

**DECISION AND ORDER**

6:18-CV-06359 EAW

## INTRODUCTION

Plaintiff Jahad Quawee Fitzgerald ("Plaintiff"), a prisoner previously confined at Southport Correctional Facility ("Southport"), filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 against former-defendant Wesley Canfield ("Dr. Canfield") and current defendants Physician's Assistant Benjamin Oakes ("PA Oakes"), and Nurse Jane Doe ("Nurse Doe") (collectively "Defendants") related to medical care he received at Southport beginning in 2012. (Dkt. 1). Currently pending before the Court is a motion for summary judgment filed by PA Oakes. (Dkt. 23). For the reasons that follow, the Court grants PA Oakes' motion. The Court further *sua sponte* dismisses Plaintiff's claims against Nurse Doe.

## FACTUAL BACKGROUND

The factual background of this matter is set forth in detail in the Court's Decision and Order of December 13, 2019, granting summary judgment to Dr. Canfield. (Dkt. 22 (the "December 13th D&O")). Familiarity with the December 13th D&O is presumed for

purposes of the instant Decision and Order. The Court summarizes the relevant facts briefly below.

On April 20, 2012, during his intake at Southport, Plaintiff complained to medical staff about stomach pains he was experiencing. (Dkt. 22 at 2). Blood testing revealed that Plaintiff was positive for H. Pylori antibodies, and he was placed on "callout" to speak with Dr. Canfield, but the appointment was cancelled as a matter of policy when Plaintiff was transferred to a new cell block. (*Id.*). Plaintiff did not request a new callout appointment and one was not scheduled. (*Id.*). Plaintiff was transferred out of Southport on or about September 5, 2012, having not made any additional complaints about stomach or abdominal pain. (*Id.*).

Plaintiff was transferred back to Southport on March 6, 2015. (*Id.* at 3). Plaintiff's history of H. Pylori was noted, but Plaintiff did not make any complaints regarding abdominal pain at that time. (*Id.*). Without treatment, H. Pylori may resolve itself or it may lay dormant for a number of years. (*Id.*). Plaintiff began to complain about abdominal pain again in June 2015, and in July 2015 a stool test was performed and tested positive for H. Pylori bacteria. (*Id.*). Plaintiff was treated for H. Pylori with antibiotics, and stool tests performed in August and September of 2015 were negative for H. Pylori. (*Id.*).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on May 11, 2018. (Dkt. 1). On September 12, 2018, the Court entered a Decision and Order granting Plaintiff leave to proceed *in forma pauperis* and screening his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Dkt. 5). The Court permitted Plaintiff's claims for denial of medical care and

for violation of his right to substantive due process under 42 U.S.C. § 1983 to proceed to service as to all Defendants.  (*Id.*).

Dr. Canfield filed a motion for summary judgment in lieu of an answer on February 5, 2019.  (Dkt. 11).  Plaintiff failed to file any response to Dr. Canfield's motion, and the Court granted it on December 13, 2019.  (Dkt. 22).

PA Oakes filed the instant motion for summary judgment in lieu of an answer on December 18, 2019.  (Dkt. 23).  Plaintiff did not file any response, despite having been warned by the Court that the failure to respond could result in the dismissal of his claims.  (*See* Dkt. 24 at 1).

## DISCUSSION

### I.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014).  "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary

materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, PA Oakes has moved for summary judgment in lieu of filing an answer. While the Court exercises additional caution in considering a motion for summary judgment made before discovery has been taken, the Court may grant such a motion in appropriate circumstances. *See Morales v. Fischer*, 46 F. Supp. 3d 239, 246 (W.D.N.Y. 2014) (collecting cases).

## II. Statute of Limitations

In granting Dr. Canfield's motion for summary judgment, the Court found that any claims against Dr. Canfield based on medical care Plaintiff received in 2012 were barred

by the applicable statute of limitations. (Dkt. 22 at 5-6). PA Oakes argues that the same analysis applies to any such claims against him. (Dkt. 23-3 at 2). The Court agrees.

Plaintiff's claims against PA Oakes are brought pursuant to 42 U.S.C. § 1983. "For § 1983 actions arising in New York, the statute of limitations is three years." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). "Federal law determines when a section 1983 cause of action accrues, and [the Second Circuit has] ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citations and quotations omitted).

As the Court explained in the December 13th D&O, Plaintiff was aware of the alleged denial of medical care at the time it occurred, and the continuing violation doctrine does not apply because Plaintiff was transferred out of Southport in September 2012, and medical staff at Southport (including PA Oakes) ceased caring for him at that time. (*See* Dkt. 22 at 6). Accordingly, the statute of limitations for any claims against PA Oakes based on care Plaintiff allegedly did or did not receive in 2012 expired in 2015, well before this action was commenced in 2018. PA Oakes is entitled to summary judgment on such claims.

### III.   Denial of Adequate Medical Care Claim

Further, for substantially the same reasons set forth in the December 13th D&O, Plaintiff's claim that PA Oakes denied him adequate medical care, whether in 2012 or 2015, fails on the merits. The Eighth Amendment prohibits cruel and unusual punishment, which encompasses deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "The deliberate indifference standard

requires the plaintiff to prove that the prison official knew of and disregarded the plaintiff's serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). "'Deliberate indifference' describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will result. Deliberate indifference is a state of mind that is the equivalent of criminal recklessness." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (internal quotations and citations omitted).

The Court concluded in the December 13th D&O that the medical records in this case clearly established that Dr. Canfield had not acted with deliberate indifference to Plaintiff's medical needs. (Dkt. 22 at 7). The same is true of PA Oakes. PA Oakes did not cancel Plaintiff's appointment in 2012—it was cancelled as a matter of policy. Further, Plaintiff's medical records show that when he returned to Southport in 2015, his complaints of abdominal pain were promptly investigated, and he was appropriately tested and treated for H. Pylori. (*See id.*). No reasonable factfinder could conclude that PA Oakes was deliberately indifferent to Plaintiff's medical needs.

## IV.   Substantive Due Process

Plaintiff also cannot maintain a claim against PA Oakes for the alleged violation of his right to substantive due process.[1] In order to maintain a substantive due process claim against PA Oakes, Plaintiff must show that he engaged in conduct that "shocks the

---

[1] As the Court noted in the December 13th D&O, and as discussed in detail later in this Decision and Order, Plaintiff's substantive due process claims should have been dismissed by the Court upon its review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (*See* Dkt. 22 at 8 n.2).

conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "The poles of the range of states of mind that can support a determination that . . . conduct shocks the conscience and can therefore constitute a substantive due process violation are clear," and, at a minimum, a plaintiff asserting a substantive due process claim must show that the defendant acted with deliberate indifference. *Correction Officers' Benevolent Ass'n, Inc. v. City of New York*, No. 17 CV 2899-LTS, 2018 WL 2435178, at *3-4 (S.D.N.Y. May 30, 2018). The Court has already concluded that Plaintiff cannot show that PA Oakes acted with deliberate indifference, and so Plaintiff cannot maintain a substantive due process claim against him.

## V.     Claims Against Nurse Doe

As noted above, in addition to his claims against Dr. Canfield and PA Oakes, Plaintiff has also asserted claims against unnamed defendant Nurse Doe. According to the Complaint, in 2012 Nurse Doe dismissed Plaintiff's complaints of stomach and chest pain, falsely told Plaintiff that his blood was being taken for his "yearly physical examination," and did not inform him he had tested positive for H. Pylori. (Dkt. 1 at 6). The Complaint contains no allegations related to actions by Nurse Doe in 2015. The Court allowed Plaintiff's claims against Nurse Doe to proceed to service and requested that the New York State Attorney General's Office produce information regarding her identity. (Dkt. 5). However, Nurse Doe has never been identified or served.

Having further reviewed the Complaint, the Court *sua sponte* revisits its earlier determination that Plaintiff's claims against Nurse Doe were sufficient to proceed to service. *See* 28 U.S.C. § 1915(e)(1)(B)(ii) (requiring court to dismiss action if the Court

determines <u>at any time</u> that the complaint fails to state a viable claim); *Whitelaw v. Kennedy*, No. 04-CV-6626 CJS, 2010 WL 1741381, at *5 (W.D.N.Y. Apr. 28, 2010) (*sua sponte* revisiting initial screening determination under § 1915 upon additional review of the complaint).

As an initial matter, the Court finds that Plaintiff's substantive due process claims fail as a matter of law. "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quotation and alteration omitted). Here, Plaintiff's claims are within the purview of the Eighth Amendment's prohibition on cruel and unusual punishment, and so his substantive due process claims are subject to dismissal. *See, e.g., Kaminski v. Oniyuke*, No. 3:19-CV-58 (SRU), 2019 WL 1877075, at *4 (D. Conn. Apr. 26, 2019) (holding, in screening complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), that "if [the plaintiff's] substantive due process claim is based on the same action(s) that gave rise to his Eighth Amendment claim for deliberate indifference to medical needs, then his due process claim will be dismissed"); *Guzman v. Albany Med. Ctr. Hosp.*, No. 16-CV-0087 GLS ATB, 2016 WL 3823492, at *2 (N.D.N.Y. July 12, 2016) (dismissing substantive due process claim that was "based on the same allegations as the Eighth Amendment medical indifference claim").

Further, all of the factual allegations in the Complaint as to Nurse Doe relate to actions taken in 2012. As the Court has now twice determined, any claim based on such

actions is time-barred. Further, the Complaint itself makes it clear that Plaintiff was transferred out of Southport after his positive H. Pylori test and returned in 2015. (*See* Dkt. 1 at 6).[2] It is therefore clear from the face of the Complaint that Plaintiff's claims against Nurse Doe are untimely. *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (holding that dismissal under § 1915 is appropriate where a statute of limitations defense is apparent on the face of the complaint).

While the Court would ordinarily afford Plaintiff an opportunity to amend before dismissing his claims against Nurse Doe on this basis, in this case, Plaintiff has twice been afforded the opportunity to explain why his claims from 2012 are timely and has failed to do so either time. In fact, with respect to Dr. Canfield's motion, Plaintiff was given multiple extensions of the deadline to respond and did not do so. (*See* Dkt. 16; Dkt. 20). Under these circumstances, the Court finds it is not necessary to permit amendment. *See generally Islamic Soc'y of Fire Dep't Pers. v. City of New York*, 205 F. Supp. 2d 75, 80 (E.D.N.Y. 2002) (collecting cases holding that leave to amend may be denied where amendment would be futile because claims could not survive a motion for summary judgment).

---

[2] The Complaint contains an apparent typographical error, stating that Plaintiff was transferred out of Southport on "9-27-2013." (Dkt. 1 at 6). This is contradicted by the evidence of record, which shows that the transfer occurred in September 2012. (*See* Dkt. 11-4 at 105-106). However, even were the 2013 date correct, the statute of limitations would have expired at the latest in 2016, and this action was not commenced until 2018. Accordingly, this discrepancy in dates does not change the Court's analysis.

## **CONCLUSION**

For the foregoing reasons, the Court grants PA Oakes' motion for summary judgment. (Dkt. 23). The Court further *sua sponte* dismisses Plaintiff's claims against Nurse Doe pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is instructed to enter judgment in favor of Defendants and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 1, 2020
       Rochester, New York